UNITED STATES of America, Plaintiff,

v.

Gustavo CHAVERRA–CARDONA, Oscar Urego and Carlo Cuero, also known as Carlos Barrios, Defendants.

No. 87 CR 340.

United States District Court, N.D. Illinois, E.D.

Aug. 27, 1987.

predicate acts must create distinct injuries to    someone in order to qualify as a pattern.

Hon. Anton R. Valukas, U.S. Atty. by Thomas J. Scorza, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Bryan D. Schultz, Chicago, Ill., for defendant Gustavo Chaverra-Cardona.

Steven B. Muslin, Chicago, Ill., for defendant Oscar Urego.

William H. Kampenga, Oak Lawn, Ill., for defendant Carlos Cuero.

## ORDER

BUA, District Judge.

Before this court are defendants' pretrial motions and the government's motion to reset trial date. Each motion is addressed below.

### I. *Motion to Strike Surplusage*

Defendants Gustavo Chaverra-Cardona (Chaverra), Carlo Cuero (Cuero), and Oscar Urego (Urego) are charged in a multiple count indictment with conspiring to murder an Assistant United States Attorney as well as a government witness and her children. Chaverra motions this court pursuant to Fed.R.Crim.P. 7(d) to strike the following portions of the indictment which are alleged to contain surplusage: paragraph 1 of Count 1; the portion of paragraph 2 of Count 1 stating "as prosecutor of defendant GUSTAVO CHAVERRA-CARDONA and other persons in case No. 86 CR 740;" paragraph 1 of Count 2; and paragraph 2 of Count 2.

Paragraph 1 of Count 1 and paragraph 1 of Count 2 essentially state that prior to the alleged acts leading up to the present indictment, Chaverra was an inmate at the Metropolitan Correctional Center (MCC) in Chicago awaiting trial for narcotics offenses and Assistant United States Attorney Ruben Castillo (an intended victim of the murder conspiracy) was the attorney assigned to prosecute the government's case against Chaverra. As noted above, the portion of paragraph 2 of Count 1 at issue refers to Castillo's role as prosecutor in the narcotics case. The second paragraph of Count 2 states that Fanny Altamirano (an intended victim of the murder conspiracy), testified at a grand jury proceeding that led to Chaverra's indictment for narcotics offenses.

Chaverra asserts that the foregoing references to his earlier indictment for narcotics offenses and the role the targeted murder victims played in that prosecution are irrelevant, unnecessary and prejudicial argument which should be stricken as surplusage. Chaverra argues that the recent decision in *United States v. Wilson*, 565 F.Supp. 1416 (S.D.N.Y.1983), is indistinguishable from the present case and requires the mentioned portions of the indictment stricken.

The defendant in *Wilson* was charged with plotting, while an inmate at a federal penitentiary, the murders of witnesses and prosecutors involved in various federal criminal cases pending against the defendant in other districts. *Id.* at 1420–21. The defendant motioned to strike certain portions of the indictment which, in great detail, described the offenses pending against the defendant at the time he allegedly planned the murders. *Id.* at 1439. Commenting that some of the details stated in the indictment were unnecessary and posed a potential for undue prejudice, the court observed:

> Thus, whether the defendant sought and conspired to export "20 tons of C–4 plastic explosives" is surplusage and unnecessary as far as this case is concerned. What is important is that Wilson was under indictment under a federal charge, and whether the purpose was to export 1 ton or 20 tons is not a matter of consequence. So, too, that the conspiracy charged in another district included the murder "of a member of the Libyan Revolutionary Council who had defected to Egypt" has, in view of the nature of the charges in this case, the potentiality of an overshadowing prejudice at the very start of this trial. The same applies to paragraph 2, which alleges Wilson was incarcerated at the MCC in lieu of $20 million bail and after December 20, 1982 was serving a fifteen-year sentence.

Neither the amount of the bail nor the period of sentence is of significant importance. What is significant is that the defendant was confined at the MCC in lieu of failure to post bail previously fixed and was serving a sentence under a judgment of conviction.

*Id.* at 1439–40.

Comparing the indictment in *Wilson* to the one in the present case, certain important differences emerge. In *Wilson*, the indictment specified in elaborate detail certain alleged facts concerning the offenses with which the defendant had been charged when he allegedly engaged in the murder conspiracy. The indictment in the present case, however, simply charges that Chaverra was awaiting trial in a narcotics case (without specifying the quantities of cocaine or the details involved in that case) and that Chaverra was an inmate at the MCC. Further, the indictment succinctly states the roles of Assistant United States Attorney Ruben Castillo and witness Fanny Altamirano in the prior case, again without including the provocative details that were stricken from the *Wilson* indictment.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure specifies that an indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. A motion to strike surplusage should be granted only if the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial. 1 Wright, *Federal Practice and Procedure: Criminal 2d* § 127, at 425–27 (1982) (footnotes and case citations omitted). *See also United States v. Brighton Building & Maintenance Co.,* 435 F.Supp. 222, 230–31 (N.D.Ill.1977), *aff'd,* 598 F.2d 1101 (7th Cir.), *cert. denied,* 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1979). As noted by courts and commentators, "this is a rather exacting standard, and only rarely has surplusage been ordered stricken." *Id.*

In *United States v. Persico,* the defendant was charged with conspiracy to defraud the United States, bribery and obstruction of justice in connection with an alleged scheme to induce certain government officials to effectuate favorable dispositions of criminal matters in which the defendant and others were involved. *United States v. Persico,* 520 F.Supp. 96 (E.D. N.Y.1981). The defendant motioned to strike portions of the indictment which revealed that the defendant, at the time of the alleged conspiracy, was sentenced to a prison term of 14 years for "his conviction of the violation of Title 18 United States Code, Section 1951, Interference with Commerce by Threats or Violence." *Id.* Although recognizing inclusion of the foregoing raised a possibility of prejudice to the defendant, the court denied the motion to strike. *Id.* The court noted that the information targeted by the motion to strike was essential to the jury's understanding of the count charging the defendant with obstruction of justice. Had the portion been stricken, according to the court, "the jury would be hard pressed to infer a motive for the alleged obstruction of justice." *Id.* Thus, although finding a threat of prejudice, the court declined to strike the targeted portions because of their apparent relevancy to the offense with which the defendant was charged.

Similar to *Perisco,* if the paragraphs targeted by Chaverra are omitted, the remainder of Counts 1 and 2 will be rendered unintelligible to a jury. Although the disputed paragraphs may pose a small chance of prejudice, they are facts necessary for the jury to hear to understand the charges set forth in the indictment. Moreover, a routine component of this court's opening statement to an impaneled jury is an admonishment that the indictment they are about to be read is not to be considered as evidence of the crimes alleged, but merely as an instrument by which the government brings a formal charge against an individual. Thus, even if some small chance of prejudice existed, this court's admonishment to the jury should insulate Chaverra from this theoretical harm. As such, Chaverra's motion to strike pursuant to Rule 7(d) is denied.

## II. *Motion for Leave to File Additional Pretrial Motions*

Chaverra motions this court to extend this court's deadline for filing pretrial

motions. According to representations by the government, substantial portions of electronically recorded conversations involving Chaverra and others which the government intends to introduce into evidence have not yet been transcribed, due to the fact that the mentioned conversations took place in a Columbian dialect of Spanish. Given the inability of Chaverra to review the transcripts and interpose objections in the time frame earlier contemplated by this court, the time for filing pretrial motions is extended until September 14, 1987. The government will respond to defendants' motions by September 21, 1987.

### III. *Motion for Disclosure of Informers' Identities and Defendants' Statements to Government Informers*

The government's response to Chaverra's motion for disclosure indicates that all *Giglio* and Section 3500 material has since been disclosed by the government. Accordingly, Chaverra's present motion is denied as moot.

### IV. *Motion for Production of Exculpatory Material*

The government represents that all *Brady* and *Giglio* material has been given to Chaverra and that any additional material which may be later discovered will be immediately disclosed. Based on the government's representations, Chaverra's motion for production of exculpatory material is denied as moot.

### V. *Motion to Discover Use of Electronic Devices*

On May 21, 1987, in lieu of a formal Local Rule 204 conference, the government forwarded Chaverra a letter detailing the government's use of electronic devices in this case and offering to make translations of all recordings available to Chaverra as soon as transcribed. As such, Chaverra's motion is moot.

### VI. *Motion for a Bill of Particulars*

The specific facts Chaverra seeks to discover through his motion for a bill of particulars are disclosed in the Section 3500 material since released by the government as well as the substance of the electronic recordings which have been and will be released to Chaverra as transcribed to English. Accordingly, Chaverra's motion for a bill of particulars is denied as moot. *See United States v. Kendall*, 665 F.2d 126, 134–35 (7th Cir.1981), *cert. denied*, 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 140 (1982).

### VII. *Motions to Adopt*

Chaverra and Cuero both motion to adopt any and all relevant pretrial motions filed by their co-defendants. Defendants' motions to adopt are granted with respect to all motions filed by co-defendants which seek relief that could possibly inure to their benefit.

### VIII. *Motion to Reset Trial Date*

Because of the aforementioned difficulties in producing transcripts of the recorded conversations which the government intends to introduce in its case-in-chief, this court grants the government's motion and resets the trial for September 28, 1987 at 9:00 a.m.

### CONCLUSION

Chaverra's motion to strike surplusage, motion for disclosure of informers' identities and defendants' statements to government informers, motion for production of exculpatory material, motion to discover electronic devices, and motion for a bill of particulars are denied. However, Chaverra's motion for leave to file additional pretrial motions and Chaverra and Cuero's motions to adopt are granted. Finally, the government's motion to reset trial date is granted. Trial is now set for September 28, 1987 at 9:00 a.m.

IT IS SO ORDERED.